OPINION
On October 6, 1997, appellant, Steven Roberts, Jr., a juvenile, was charged with two counts of theft in violation of R.C. 2913.03(A)(1) and R.C. 2151.02(A). Said charges arose from the unauthorized use of numerous motor vehicles. On same date, appellant appeared before a magistrate without counsel and accompanied by his parents and admitted to both charges whereupon he was committed to the Ohio Department of Youth Services for a term of six months. On October 7, 1997, the trial court accepted the magistrate's findings. No objections to the magistrate's findings or order were filed.
Appellant was granted a delayed appeal in this case on June 22, 1998. Appellant's counsel has filed a motion to withdraw and brief pursuant to Anders v. California (1967), 386 U.S. 738. Said brief sets forth the following three assignments of error:
I
 THE PLEAS OF THE DEFENDANT-APPELLANT, AND ACCOMPANYING WAIVERS OF HIS CONSTITUTIONAL RIGHTS, WERE NOT KNOWINGLY AND INTELLIGENTLY ENTERED.
II
 THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
III
 THE TRIAL COURT SHOULD NOT HAVE ACCEPTED MR. ROBERTS ADMISSIONS AS EVIDENCE WAS INSUFFICIENT TO ESTABLISH THAT HE HAD COMMITTED THE OFFENSES ALLEGED.
 I, II, III
Appellant's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738.Anders established five criteria which must be met before a motion to withdraw by appellate counsel may be granted. The five criteria are: 1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; 2) a showing that a motion to withdraw has been filed by appellant's counsel; 3) the existence of a brief filed by appellant's counsel raising any potential assignments of error that can be argued on appeal; 4) a showing that appellant's counsel provided a copy of the brief to appellant; and 5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address.
This court finds that a letter has been sent to appellant to file a brief within thirty days of an entry filed by this court on October 7, 1998. See, Exhibit D attached to Motion of Counsel to Certify Compliance filed on October 12, 1998. We find appellant's counsel sent a copy of his Anders brief to appellant by regular mail. As of November 23, 1998, appellant has not filed a pro se
brief.
This court has reviewed the three assignments of error posed by appellant's counsel and has carefully and independently reviewed the transcript of the initial appearance, plea and disposition. After review, we find the motion to withdraw is appropriately filed. Further, the assignments of error or any potential assignments of error are not supported by the record.
Appellant's plea is governed by Juv.R. 29(D) which states as follows:
(D) Initial procedure upon entry of an admission
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
The court finds this rule has been fully complied with subjudice. An inquiry by the trial court as to the voluntariness of appellant's plea is substantiated by the record. T. at 6-7. Furthermore, appellant, while in the presence of his parents and with the assent of his father, knowingly waived his right to an attorney after full inquiry by the trial court. T. at 2-3.
Based upon our review of the record, we find the appeal to be frivolous and the record does not demonstrate any cause for relief. Appellant's three assignments of error are overruled for the foregoing reasons. Counsel's motion to withdraw is granted.
The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is affirmed.